MEYER GROBART, SAMUEL GROBART, DORIS GROBART, LOUIS GROBART, ROSE ROWITZ, IRVING ROWITZ, YETTA TEITELBAUM, HARRY TEITELBAUM, ANBERN SECURITY COMPANY, PROSECUTORS, v. PASSAIC VALLEY WATER COMMISSION AND WALTER D. VAN RIPER, ATTORNEY-GENERAL OF THE STATE OF NEW JERSEY, RESPONDENTS.

Submitted May 4, 1948—Decided September 10, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutors, *Peter Bentley* (*John A. Harlpence*, of counsel).

For the Commission, *Benjamin J. Spitz.*

For the State of New Jersey, *Walter D. Van Riper,* Attorney-General, and *Robert Peacock,* Deputy Attorney-General.

The opinion of the court was delivered by

COLIE, J. This cause was before the Supreme Court at a prior term thereof on a writ of *certiorari* allowed to review two orders, one permitting the Passaic Valley Water Commission to amend its petition for the appointment of condemnation commissioners with respect to the daily quantity of water to be condemned; the second order appointing three commissioners in the then pending condemnation proceedings. The Supreme Court held that the orders were improvidently entered. *Grobart* v. *Passaic Valley Water Commission,* 134 *N. J. L.* 325. On appeal, the Court of Errors and Appeals reversed and remanded the cause to the Supreme Court. 135

*Id.* 190. The opinion directed this court to take proofs and determine the question of whether the Passaic Valley Water Commission has the derivative right to divert 75,000,000 gallons of water daily from the Passaic River.

On the remand, additional proof was submitted which established that Passaic Valley Water Commission acquired certain rights from the Passaic Valley Water Company, the Acquackanonk Water Company, the Franklin Lake Company, the Montclair Water Company, the Kearny Water Company and the East Jersey Water Company. From the Passaic Water Company, it acquired the right to divert 18,750,000 gallons per day; from the Acquackanonk Water Company it acquired the easement and right to divert 14,250,000 gallons of water per day; from the Montclair Water Company it acquired the easement and right to divert 3,750,000 gallons per day; from the East Jersey Water Company it acquired the easement and right to divert 38,250,000 gallons of water per day, or a total of 75,000,000 gallons per day.

However, the quantity of water which the appellant has a vested right to divert is expressly limited by the terms of the various grants to its predecessors in title to such quantities as may be necessary for certain specified uses. The proofs show that the peak of the average daily diversion to meet these specified uses was 71,622,000 gallons per day, and the latter figure is the maximum right of diversion established by prior use. The rights acquired by the appellant from the six companies enumerated above were conditioned upon obtaining the consent of the Society for Establishing Useful Manufactures and Dundee Water Power and Land Company. These consents were obtained in 1922 to the extent of 75,000,000 gallons per day but the mere granting of the consent does not establish any right in the appellant as against the State of New Jersey or anyone else beyond the maximum amount established by prior use. We find as a fact that the Passaic Valley Water Commission has the right to divert not in excess of 71,622,000 gallons of water daily from the Passaic River, and to this extent the consent of the State Water Policy Commission is not needed.

Judgment with costs may be entered in accordance herewith.